*Hempstead* and *Burt*, for defendant.

———• ◦ •———

GRABLE *v.* THE STATE.

2g 559
98  687

In a criminal case the jurors had been empanneled and sworn, and the case partly submitted to them when the court adjourned for dinner; during the adjournment one of the jurors separated himself from his fellows; and when the court met, this juror was dismissed and another person substituted; held that this substitution was erroneous.

The statute prohibits the separation of jurors in trials for felonies.

It is error to receive a verdict and render a judgment after the term of a court, as designated by law has expired, and on a day fixed for a term of the court in another county.

Where a term of court is appointed by law t6 be held in Clinton county on Monday, and in Scott county on the following Thursday, the term in Clinton county ends on Wednesday evening.

Explains power of the district judge to appoint special terms of court; reasonable notice must be given.

Two terms of the district court cannot be held in one district on the same day.

*Error to Clinton District Court.*

*Opinion by* WILLIAMS, C. J. At the October term of the district court for Clinton county, A. D. 1848, Joseph Grable was indicted, and tried for the crime of manslaughter. The jury rendered a verdict of "guilty" and assessed a fine of five hundred dollars to be paid by him

Grable v. The State.

to the state. Upon this verdict the court entered judgment against him; and further sentenced him to confinement in the penitentiary for the term of one year, and to pay the costs of prosecution.

Before final judgment, motions for a new trial, and in arrest of judgment, were made, and overruled by the court. The overruling of the motions for a new trial, and in arrest of judgment, is also assigned for error.

The points of law involved in the instructions, and in the motions for a new trial, and in arrest of judgment, being substantially the same, we will consider them together.

The first error assigned is, that "after the jury had been sworn, and had heard a part of the evidence, one of the jurors was separated from his fellows, and entirely left them."

The second is, that "the court permitted the prosecution to withdraw the said juror, who had been separated from his fellows, and swore another juror, in the place of the juror so discharged."

As these two assignments relate to the same subject matter, in the procedure of the court below and present the entire transaction in connection, we will consider them together.

The trial by jury, as established by our fundamental law, is justly regarded as a shield to the citizen in the enjoyment of his civil rights. It is secured to every man, that he may be fully and fairly protected from unjust and illegal encroachment upon those rights. Originating in times of tyranny and oppression, where the governed were rendered liable to the loss of life, liberty and property, at the mere will of those who governed, it has come down to us sanctioned by the approval of the learned, the good and patriotic of many generations, and is adopted by the civilized nations of the earth.

It is now regarded as essential to free government, and is peculiarly adapted to a government founded as ours is, in the sovereign will of the people. A juror is called to

Grable *v.* The State.

exercise a high and sacred trust, in consideration of his obligation to his country, and his fellow citizens. He must, if he will faithfully perform his duty, hear, investigate, and decide impartially.

The facts submitted to, and decided by the jury make up the case, to which the judgment of the law is applied, and by which the rights of the parties are concluded.

So important is this feature of our judicial proceedure, that the courts of our country, have regarded it with the most profound interest, and jealousy.

In criminal proceeding, particularly, the fullest and most extended opportunity is afforded to the accused, for trial by an impartial and unbiased jury.

It has been the constant care of courts to guard the purity of the jury box; and legislatures have provided, by enactment of law, the strictest proceedure for the selection and government of jurors, and the requisites to be observed by courts on the trial in view of the rights involved.

In this state the statute provides that "all issues of fact, joined upon any indictment shall be tried by a jury of the courts where such was found." This is identical in substance with the provisions of our constitution, applied to indictable offenses. *Rev. Stat.* p. 155, § 60. By section 62, the right is given to the accused to challenge peremptorily six jurors, where a felony is charged, the punishment of which is not capital; and it is the privilege of the prosecution to challenge half that number. Thus, have the legislature by express provision, been careful to mark out the duty of the court and guard the rights of parties. It has been urged here, that the act of the court by dismissing the juror after he had been sworn, and after he had heard a part of the testimony in the case, on the motion of the prosecutor, where it was not made to appear that he, the juror had conversed with any person on the subject of the trial; but had merely separated from his fellows, was in derogation of the rights of the accused; and that the calling and swearing of another in his stead,

70

Grable v. The State.

after the right to challenge had been exercised to exhaustion, was oppressive and deprived him of his legal protection from wrong. The bill of exceptions does not set forth the fact, that the right of the prisoner to challenge was refused by the court upon the introduction of the juror who was called to act in the place of the one who was dismissed. That question is not, therefore, here for adjudication. As the record is, on that point, we must not presume that the court did not refuse to give the prisoner the benefit of the law. But the bill of exceptions shows that the full jury had been sworn, and the trial before them had so far been proceeded in, that a part of the testimony in the case had been heard. That the court adjourned for dinner; that during the adjournment, the juror separated himself from his fellows, and that on the motion of the prosecutor, made in the afternoon, when the court again was in session, the juror was dismissed and another sworn and put upon the jury in his stead. In this, we think, the court erred. This proceeding must be regarded as a violation of the requirement of the statute. *Rev. Stat.* p. 161. "In trials for misdemeanors the court may permit the jury to separate for food and refreshment. But in trials for felonies the jury shall not be separated until there is noprospect of their agreement to a verdict, and it shall be the duty of the court to provide them all suitable refreshments." This being an indictment for a felony the statute is applicable to it. It is not necessary, in this case, to discuss at length the question whether the separation of the juror, from his fellows, after he had been sworn in the case, and the trial had proceeded, so far as to hear evidence on the part of the prosecution is enough to set aside the verdict, we will however say that in a capital case or for a felony, of the magnitude of the case at bar, it has been decided that where, pending the trial, a juror separates himself from his fellow jurors under circumstances which rendered it highly probable that there might have been abuse, or improper conduct, affecting the rights of the parties, the verdict should be set aside.

*Smith* v. *Thompson*, 1st Cowan 221 and note. But our legislature have enacted, that "in trials for misdemeanors, the court may permit the jury to separate for food and refreshment; but in trials for felonies the jury shall not be separated until there is no prospect of their agreement to a verdict, and it shall be the duty of the court to provide them all suitable refreshments." *Rev. Stat.* 161, § 9. This enactment in terms, not to be misunderstood, expressly prohibits a separation of the jury, in trials for felonies; and provides for the comfort of the jury, whilst in custody of the law, for purposes of the trial. Much disquisition, by jurists, as to the separation of jurors, in its effect upon the verdict, is found in the law books, of England and this country. But it is unnecessary to enlarge for the purpose of ascertaining, judicially, and establishing the most reasonable conclusion, as the law making power of this state has declared it clearly. For this reason, the court might have set aside the verdict if that juror had participated in making it. His exclusion from the box was, therefore, proper. This brings us to the next point in the assignments of error.

It is contended, that the court erred, in permitting the prosecution to withdraw the juror who had been separated from his fellows, and in calling and swearing another juror in his place, after a part of the evidence in the case had been heard by the jury as at first constituted.

The bill of exceptions shows, that such was the proceedure of the court. This proceeding is complained of by the defendant as an infringement upon his right of challenge. It appears that the defendant stood upon his legal rights, and remained silent during this action of the court.

We have already spoken of the rights secured by law to the accused, in a proceeding for a felony. It is his right by the statute, to challenge peremptorily, six jurors. The introduction of the new juror without the consent of the accused, might, if suffered to stand as a precedent, lead to injustice, by procuring such change in the panel, as would result in injustice to him. Having exhausted his chal-

lenges, before the calling of the new juror, for whose rejection he might have good cause of challenge, by operation of law, he would be obliged to accept him; and thus be materially injured in his right. Besides, such a combination of mind might be thus brought to the adjudication of a case, as would never have been suffered by the party, had his right of peremptory challenge not been exhausted upon a view of the panel as it stood upon the selection, as made when the trial was commenced. The right of the accused, in this respect, we think, was infringed by this proceeding. The accused had the right to his challenge of all the jurors. *Stone* v. *The People*, 2 Scam. 326; *The People* v. *Goodwin*, 18 Johns. 187.

But the case as presented and argued here, is affected by a proceeding still more objectionable than that just noticed. It appears by the bill of exceptions, that a part of the testimony of the prosecution had been heard, by the jury in the forenoon of the day, on which the trial commenced and when the discharged juror was acting with the jury; that after an adjournment for dinner, in the afternoon, when the defaulting juror had been discharged, a juror was called to act in his stead, and the trial proceeded without recalling the witnesses, who had been heard by the jury, as at first organized. Such being the fact, as presented, that part of the testimony was not heard by the new juror. The law contemplates the hearing of the evidence by each juror for himself. It is the right of the party that it should be so. A full and fair trial by jury could not be otherwise had. A jealous and strict regard for the integrity of the jury as legally established, cannot be dispensed with. The law has carefully provided guards, in order to the protection of the rights of parties. They must be strictly observed. As far as a part of the testimony was concerned, in view of the law, the defendant was found guilty upon the verdict of eleven jurors. This proceeding was, therefore, erroneous. Upon the introduction of the new juror, the evidence should have been commenced and heard anew. The trial should

have been commenced *de novo*, upon the change of the jury.

The other and only assignment of error which we deem it necessary to notice is, that in relation to the right of the court to be in session and to try causes in Clinton county, on the day upon which this trial was had.

It is contended, that by the law fixing the time for holding the district court in Clinton county, the term ended on Wednesday, and commenced in the adjoining county of Scott, on Thursday of the same week. This is true. But in answer to this, the act of the legislature, approved January 22d, 1848, entitled "An act to change the times of holding courts in the second judicial district," of this state is replied. By this act, it is provided, that "in the county of Clinton, the time of holding the court, shall be on the second Monday after the fourth Monday in April, and first Monday after the fourth Monday in September. In the county of Scott, on Thursdays following the Mondays for holding the courts in Clinton." The same act also provides as follows:

"SEC. 3. The judge of said judicial district, (the 2d.,) shall have power to adjourn the courts required to be held at the regular terms above named, and to hold special terms of court in lieu thereof; and to hold special terms of court in any of the counties of said district whenever in his opinion, the public interests may require it; and for a like cause to adjourn the regular term for holding in any one county, and hold a special term of court in lieu thereof, in any other county of said district."

"SEC. 4. Whenever a special term of court is held in any county of said district, it shall be in the power and duty of the judge of said district to provide for the trial of criminal, civil or chancery business, and to order process of all kinds, to be returnable to said special term, and to require or dispense with the necessity of summoning grand and special jurors at such special terms, as in his opinion, the public good may require; and in all such cases the order of the judge calling such special court,

shall specify the nature and character of the business to be transacted at said special term."

The bill of exceptions shows, that the verdict in the case was rendered by the jury on the Thursday after the Monday on which, by appointment of law, the term commenced in Clinton county, and the first day of the term for Scott county. That on the Friday following, a motion was made to arrest the judgment, whereupon the judge directed the clerk of the Clinton county court, to make an entry upon the records of the court in said county, as of the this day preceding, "that the district court of Scott county, having been adjourned, this court proceeded with the business in Clinton."

We think, that the power exercised by the judge of the district court, in this instance, is not warranted by the statute, and might tend to great injustice, by prejudicing the legal rights of suitors. The powers conferred by this special statute are great enough, as expressly given, without extending them by implication still farther, so as to dispense with well established principles of practice, which are essential to a just observance of the rights of parties in court. Citizens are presumed to know the law of the land, and they are required to act, in the adjustment of their business, with a reference to its demands. The general law appointing the time and term for holding the court in Clinton county, fixes the time for the commencement of the term, on the second Monday after the fourth Monday in April, and first Monday after the fourth Monday in September, and the term is thereby ended on the Wednesdays succeeding those Mondays in each year; on the Thursdays immediately following the court commences in Scott county.

The act of January 22d, 1848, vests the judge with power to adjourn the courts required to be held at the regular terms above named; and to hold special terms in lieu thereof, to hold special terms in the district, when in his opinion, it becomes necessary for the public interests; and for the like cause, to adjourn the regular term, in any one

county, and hold a special term, in lieu thereof. The fourth section of this act, when such special term is held, makes it the duty of the judge to provide for the trial of criminal, civil and chancery business, to order process, &c., returnable to said term, &c; and in all such cases, the order of the judge calling the special court, shall specify the nature and character of the business to be transacted at said special term. This statute, properly construed, certainly does not dispense with the usual notice, to those interested, informing them that instead of appearing for trial, at the regular term of the court, they will be required to appear at the special one. It cannot be, that at the last hour of the last day of the term, as fixed by law, the judge is authorized by an act of his own will, to determine that the court in one county, shall be continued in session for business so as to occupy the time set apart by the law of the land for holding the court in another county of the same district, in which he is appointed to preside. Such we think was not the intention of the legislature. Such a power is not expressly given. It will not be implied, for the manifest reason, that surprise and consequent injustice might be done to parties litigant. Parties whose causes would not be reached in the order of trial, on Wednesday evening being the last day of the regular term, and who after night fall, would depart for their homes, satisfied of the fact that the term was ended, would be liable by such a determination of the judge, suddenly made and carried into execution, to have their rights disposed of in their absence, without the presence of themselves or witnesses, and without a hearing, If the judge could in this way, disregard the termination of the district court in Clinton county, and the commencement of the term in Scott county as fixed by law, in one case, he could in all. But the order of adjournment of the Scott county court, was made on Friday, one day after the time fixed by law for holding it, had commenced to run; when this fact was presented as an objection to the proceeding in the cause, on the motion to arrest the judgment. The

adjournment of the court in Scott county, was then order-
ed to be entered as of Thursday the day previous, *nunc
pro tunc*, and the motion overruled. We are of the opin-
ion, that this ruling of the court was clearly erroneous.
From the constitution of our judicial system, it is appa-
rent, that the court cannot be held in two counties, in the
same district, on the same day, by one and the same judge.
The special statute empowers the judge of that district to
adjourn the court in any county from the regular term, to
any other time, for the convenience of the public. But
it does not dispense with the proper order of proceedure
as to notice. The term in Clinton county having expired
on Wednesday evening, and that in Scott having com-
menced on Thursday, by operation of law, the judge could
not by the making of an order of adjournment *nunc pro
tunc*, on Friday following, legalize the proceeding. See
*Archer* v. *Scott*, 2 Scam. 303; *Davis* v. *Fish*, 1 G. Greene
406.

The error assigned as to the form of the judgment and
sentence thereon, though not in conformity with the law,
need not be noticed as the proceedings must be reversed.

Judgment reversed.

*W. E. Leffingwell* and *E. Cook*, for plaintiff in error.

*Platt Smith*, for the state.